# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CARLOS VEGA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>    Defendant. | Case No.: 17-cv-1029<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Carlos Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiffs is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Enhanced Recovery Company, LLC ("Enhanced") is a debt collection agency with its principal offices located at 8014 Bayberry Road, Jacksonville, Florida 32256 .

6. Enhanced is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Enhanced is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Enhanced is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about September 6, 2016, Enhanced mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Sprint." A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt that Enhanced was attempting to collect was a television service account, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Enhanced to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that Enhanced sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. Exhibit A contains the following text:

> **Federal Validation Notice:**
> Pursuant to 15 U.S.C./1692g(a), take notice that:
>
> 1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.
>
> 2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.
>
> 3. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.
>
> 4. If you notify our office below in writing within (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.
>
> 5. Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the letter on the reverse side of this notice.

2

14. The above language in Exhibit A is the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g.

15. Exhibit A also contains the following settlement offer:

> Our records indicate that your balance with Sprint remains unpaid; therefore your account has been placed with ERC for collection efforts. We are willing to reduce your outstanding balance by offering a discounted payoff amount of $496.72.
>
> This letter serves as notification that your delinquent account may be reported to the national credit bureaus.
>
> Upon receipt and clearance of $496.72, your account will be closed and collection efforts will cease.
>
> We are not obligated to renew this offer.
>
> Payment of the offered settlement amount will stop collection activity on this matter. We will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint. If you wish to re-establish service with Sprint at a future date, Sprint may require partial or full payment of your remaining balance at that time, according to Sprint's credit policy.

## *FDCPA Violations*

16. Exhibit A is confusing to the unsophisticated consumer. It is inherently contradictory as to the nature of the "settlement." In one place, the letter tells the consumer that ERC will "reduce your outstanding balance by offering a discounted payment amount." In another location, Exhibit A implies that the remaining balance is still outstanding after the "offered settlement amount" is paid.

17. The normal meaning of the terms "settling" a debt and "payoff amount," in the context of a collection letter and as far as the unsophisticated consumer would understand them, means that the debt is permanently resolved in exchange for a payment of a portion of the balance.

18. The consumer has no way to know from Exhibit A whether ERC and/or Sprint would treat a payment of the purported "settlement" amount as an actual settlement (i.e. releasing Plaintiff from any remaining liability) of the alleged debt.

19. Upon information and belief, the relationship between ERC and Sprint is a non-agent, independent contractor relationship, not an agency relationship. ERC is a sizable player in the debt collection market. Sprint does not exercise the type of control over ERC that would establish an agency relationship.

20. Under a reasonable interpretation of <u>Exhibit A</u>, payment of the "settlement" amount would cause ERC to close the consumer's account, cease collection efforts and return the remaining balance to Sprint.

21. Sprint is not bound by its independent contractor's representations and would be within its rights to continue collection efforts.

22. ERC's language leaves open the possibility that the consumer will make a payment at the offered settlement amount, only to be informed that the "settlement" only applied to ERC and that Sprint will continue to collect on the remaining balance with another debt collector.

23. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Sprint could continue to collect the remaining balance of the alleged debt.

24. ERC's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the settlement offer.

25. The unsophisticated consumer would have no idea what amount, if anything, he owes after paying the purported "payoff amount."

26. Plaintiff was confused by <u>Exhibit A</u>.

27. The unsophisticated consumer would be confused by <u>Exhibit A</u>.

28. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v.*

*Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

32. 15 U.S.C. § 1692e provides, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(10) prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## COUNT I – FDCPA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. ERC's letter to Plaintiff provides a purported "settlement offer," but that offer is misleading, as the letter is unclear whether the "payoff amount" would actually resolve the consumer's liability for the remaining balance.

36. A consumer who mails a payment in the full amount of the "payoff amount" listed on the letter cannot determine whether the account is resolved entirely, or whether the "payoff" only applies to ERC's collection efforts and Sprint will continue to collect the remainder.

37. Exhibit A is confusing, deceptive, and/or misleading to the unsophisticated consumer.

38. Defendant violated 15 U.S.C. §§ 1692e, and 1692e(10).

## CLASS ALLEGATIONS

39. Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between July 19, 2016 and July 19, 2017, inclusive, (e) that was not returned by the postal service.

40. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

41. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. § 1692e, 1692e(10), and 1692g.

42. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 24, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com